# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SHAWN BOLLING,** | ) | CASE NO. 7:17CV00298 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **HAROLD W. CLARKE,** | ) | By: Hon. Glen E. Conrad |
| **DIRECTOR,** | ) | United States District Judge |
| Respondent. | ) | |

Christopher Shawn Bolling, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the calculation of the length of his confinement. Respondent filed a motion to dismiss, and Bolling responded, making the matter ripe for disposition. After review of the record, the court concludes that the petition must be dismissed.

## I. Background

In January of 2007, the Russell County Circuit Court convicted Bolling of robbery, sentencing him to twenty-five years' imprisonment, with thirteen years suspended. In October of 2007, the circuit court convicted and sentenced Bolling on additional charges of: abduction (ten year sentence with six years and two months suspended), rape (twenty-five year sentence with thirteen years suspended), and sodomy (twenty-five year sentence with thirteen years suspended). In the October 12, 2007 sentencing order, the trial court stated that the abduction, rape, and sodomy sentences "shall run consecutively," and that the total sentence imposed was sixty years, with thirty-two years and two months suspended. Therefore, Bolling's aggregate active sentence on the October convictions was twenty-seven years and ten months. The circuit court also granted defense counsel's motion for Bolling's January robbery sentence (No. CR05-8162) to run concurrently with his October sentences.

When a prisoner becomes a VDOC responsible offender, the VDOC calculates his anticipated good-time release date. On January 14, 2008, the VDOC mistakenly ran all four of Bolling's sentences concurrently, informing Bolling that he had an active sentence of twelve years and a good-time release date of January 5, 2016.

When an offender is within a certain time period of his release or there is an inquiry regarding his time computation, the VDOC Court and Legal Services Unit conducts an audit of an offender's time computation record. The audit ensures that the time calculation is accurate and follows applicable law and policy.

In 2015, the VDOC audited Bolling's time computation record, and requested clarification from the Russell County Circuit Court regarding his October sentences. On November 6, 2015, the circuit court entered an "Amended Conviction and Sentencing Order," reiterating that the three separate sentences for abduction, rape, and sodomy were to run consecutively, and the January sentence for robbery was to run concurrently with the October sentences.

The VDOC recomputed Bolling's time in accordance with the Amended Order, correcting Bolling's sentence to twenty-seven years and ten months, with a good-time release date of November 13, 2029.

On June 16, 2016, Bolling filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, alleging that the court committed "judicial malpractice" by improperly entering an amended sentencing order outside the 21-day period imposed by Va. Sup. Ct. R. 1:1. The court denied his petition as meritless.

## II.  Current Petition

On June 15, 2017, Bolling filed a § 2254 petition, raising the same claim as in his state

habeas petition: the trial court committed judicial misconduct when it issued a new amended sentencing order after the 21-day limitation period under Va. Sup. Ct. R. 1:1 had expired. Bolling alleges that the court's illegal action resulted in a substantially longer sentence and violated his Eighth and Fourteenth Amendment rights.

This matter is now before the court on Respondent's motion to dismiss. Bolling's petition is both properly exhausted and timely.

### III. Standard of Review

To obtain federal habeas relief, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, a federal court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) [R]esulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;
>
> or
>
> (2) [R]esulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Where, as here, the state court's application of governing federal law is challenged, it must be shown to be not only erroneous, but objectively unreasonable." Yarborough v. Gentry, 540 U.S. 1, 5 (2003). Under this standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fair-minded jurists' could disagree on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 66, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

### IV. Discussion

On habeas review, the Supreme Court of Virginia held that Bolling's claim was without

merit:

> The record, including the circuit court's October 12, 2007, and November 6, 2015 sentencing orders and the affidavit of Wendy K. Brown, Legal Services Community Release Manager for the Virginia Department of Corrections ("DOC"), demonstrates that the initial sentencing order states the sentences for abduction, rape, and sodomy "shall run consecutively" with each other, but concurrently with the sentence for robbery. When the DOC initially calculated petitioner's sentences, however, it mistakenly ran all four sentences concurrently. During a subsequent audit, the DOC requested the circuit court "provide it with more specific language" as to petitioner's sentences because it was not sure which of petitioner's sentences were to be run concurrently. In response, the circuit court issued an amended sentencing order, which again stated petitioner's sentences for abduction, rape, and sodomy were to be run consecutively with each other but concurrently with his sentence for robbery. The amended order is nearly identical to the original, again stating the sentences for abduction, rape, and sodomy "shall run consecutively," but states it is in response to a "request of the Department of Corrections for more specific language as to the sentences imposed," and instead of ordering "these sentences" to run concurrently with the robbery sentence, states that the robbery sentence is to run concurrently with the sentences for abduction, rape, and sodomy and contains an additional sentence reiterating which of petitioner's sentences are concurrent and which are consecutive. The amended sentencing order does not change petitioner's sentences and petitioner is not entitled to immediate release.

Bolling v. Clarke, No. 160593, slip op. at 2 (Va. Feb. 15, 2017), ECF No. 9, Attach. 2.

The state court's decision was not contrary to, or an unreasonable interpretation of, federal law, or based on an unreasonable determination of the facts. The circuit court did not violate Va. Sup. Ct. R. 1:1 because the November 6, 2015 sentencing order did not modify Bolling's sentence.[1] The trial court unequivocally[2] sentenced Bolling to sixty years'

---

[1] Rule 1:1 states: "All final judgments, orders, and decrees . . . shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Va. Sup. Ct. R. 1:1.

[2] In his petition, Bolling argues that the trial court orally stated that all of his sentences would be concurrent. However, the record shows that the court told Bolling that he would serve an active sentence of twenty-seven years and ten months on his October convictions, and that his January robbery sentence would run concurrently to his October sentences. Trial Tr. 17, ECF No. 9, Attach 1.

4

imprisonment with thirty-two years and two months suspended, for an active sentence of twenty-seven years and ten months.³

Therefore, Bolling is not entitled to federal <u>habeas</u> relief.

## V.     Conclusion

For the reasons stated, the court will grant the motion to dismiss. The petition is without merit. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Bolling and to counsel of record for Respondent.

ENTER: This 8th day of December, 2017.

                                                           */s/ Glen E. Conrad*  
                                                       United States District Judge

---

³ The VDOC interprets a sentencing order to compute an offender's time; the department does not override a court order. Therefore, the VDOC's computation mistake and its incorrect 2008 Legal Update did not have any binding legal effect regarding Bolling's sentence.